IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Dakota Airlift, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED MEMORANDUM** |
| | ) | **OPINION DISMISSING CLAIM** |
| vs. | ) | **UNDER RULE 12(b)(1)** |
| | ) | |
| United States of America, | ) | Civil File No. 3:06-cv-49 |
| | ) | |
| Defendant. | ) | |

Before this Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1). Plaintiff brings the present action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, alleging the United States tortiously interfered with an existing business contract. The United States moves to dismiss the case, asserting the FTCA specifically excludes contractual interference suits from its waiver of sovereign immunity.

**Summary of Decision**

The FTCA specifically excludes tort actions for interference with contractual relations. The Court finds that it does not have subject matter jurisdiction over the instant suit, and it is therefore dismissed with prejudice.

**Background**

On February 1, 2003, Lyle Anvink, on behalf of Dakota Airlift, Inc. ("Dakota"), entered into a contract with DHL Worldwide Express. The contract provided for compensation to be payable to Dakota upon delivery of certain cargo between the cities of Minneapolis, Fargo, and Bismarck. Dakota made daily flights, Monday through Friday using two aircraft. Performance of this contract began in March of 2003. At the time Plaintiff began operating the route, it did not hold the appropriate certificate required to transport cargo for compensation as required by federal

regulations. 14 C.F.R. Parts 119, 135. Plaintiff later sought such a certificate, submitting an application to the FAA's Fargo Flight Standards District Office ("FSDO") on June 24, 2003.

While the certificate application was pending, Plaintiff entered into another contract to transport cargo, this time for Response Delivery. Dakota was to transport cargo between Minneapolis and Minot. Plaintiff began this route in mid-August, 2003, still without its Part 135 certificate, and without pilots certified to operate for hire.

On September 18, 2003, a FAA inspector from the Fargo FSDO observed cargo being transferred between Plaintiff's aircraft and an unidentified ground vehicle at Minot. Representatives from the Fargo FSDO met with Plaintiff's representatives to discuss Dakota's presumed operation without a valid certificate. Plaintiff subsequently ceased operations, including performance on its DHL contract. The FAA later brought an enforcement action against Dakota alleging violation of several Federal regulations, including operating as a commercial operator or direct air carrier without an appropriate certificate, as required by 14 C.F.R. § 119.5(g).

Plainitff now brings the current action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, alleging the FAA has interfered with its business relationship with DHL through its enforcement action. Defendant moved to substitute the United States as the proper Defendant in place of the FAA (doc. #4). Magistrate Judge Karen K. Klein granted this motion on August 3, 2006 (doc. #8). The United States now moves to dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), asserting the FTCA has an express exception for interference with contract claims.

**Analysis**

Legal Standard

On a motion to dismiss for lack of subject matter jurisdiction, the Plaintiff bears the burden of proving that the Court indeed has jurisdiction over the case. Lujan v. Defenders of Wildlife, 504

U.S. 555, 561 (1992); Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990); Mentz v. United States, 359 F. Supp. 2d 856, 858 (D.N.D. 2005). The governing rule for subject-matter challenges is Fed. R. Civ. P. 12(b)(1). Osborn, 918 F.2d at 730. A court is free to consider matters outside the pleadings under a 12(b)(1) Motion to Dismiss. Moreover, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. The Court's role is to definitively decide the jurisdictional issue, not to gauge whether or not there is enough evidence to have a trial. Osborn, 918 F.2d at 730 (citing Crawford v. United States, 796 F.2d 924, 929 (7th Cir. 1986)).

Subject-Matter Jurisdiction

The United States is typically immune from suit, save in instances where it waives its immunity and consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990). "This consent must be unequivocally expressed in statutory text, and the scope of a sovereign immunity is strictly construed in favor of the sovereign." Miller v. Tony & Susan Alamo Found., 134 F.3d 910, 915 (8th Cir. 1998) (citing United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992)). The FTCA is a waiver of sovereign immunity in respect to tort claims against the United States, subject to certain exceptions. Smith v. United States, 507 U.S. 197, 204 (1993); Murray v. United States, 686 F.2d 1320, 1323 (8th Cir. 1982). The FTCA does not provide subject matter jurisdiction for every conceivable tort committed by the United States, as "federal courts have jurisdiction over claims under the FTCA only to the extent that the United States has waived its sovereign immunity." T.L. v. United States, 443 F.3d 956, 959 (8th Cir. 2006). The FTCA specifically set forth exceptions to the waiver of sovereign immunity. These are enumerated in 28 U.S.C. § 2680. The statute reads, in part, that exceptions to the waiver of sovereign immunity include claims "arising out of libel, slander, misrepresentation, or interference with contract rights..." 28 U.S.C. § 2680(h). Plaintiff claims that the United States "carelessly interfered with a contract Dakota Airlift held with DHL

Worldwide Express, Inc."

Plaintiff argues that the exceptions set forth in 28 U.S.C. § 2680(h) do not apply in the absence of "due care." This argument is misplaced. The phrase "exercising due care" is a requirement of the exception applied to any "act or omission of an employee of the Government...in the execution of a statute or regulation.." 28 U.S.C. § 2680(a). This, however, is a separate and distinct exception from those listed in Section 2680(h). Subsection (h) includes "Any claim arising out of....interference with contract rights..." but does not include the "exercising due care" language found in subsection (a). Under the plain language of Section 2860(h), due care considerations are not a concern absent allegations of assault, battery, false imprisonment, or the like, by an investigative or law enforcement officer. 28 U.S.C. § 2680(h). A close reading of the statute reveals that the present claim is expressly excluded from coverage under the FTCA. Because the Court lacks subject matter jurisdiction over the present cause of action, and the case must be dismissed.

## Conclusion

The Court has no subject matter jurisdiction over the instant suit. The case is **DISMISSED** with prejudice.

**IT IS SO ORDERED**

Dated this 30th day of October, 2006.

                                           /s/ Ralph R. Erickson  
                                           Ralph R. Erickson, District Judge  
                                           United States District Court